IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR No. 23CR01114-001KG |
| ) | |
| JUAN ANTONIO FLORES, ) | |
| ) | |
| Defendant, ) | |

**SENTENCING MEMORANDUM**

COMES NOW the Defendant, Juan Flores, and respectfully requests that the court vary downward to impose a ten-year prison sentence. In support, he says as follows:

I.      18 U.S.C. 3553(a)(6)

A.  Sentencing Commission Data

Mr. Flores would respectfully direct the Court's attention to paragraph 100 of the Presentence Report, which indicates that the average sentence for a group of similarly situated co-defendants is 208 months. Mr. Flores contends that this average provides an appropriate baseline from which to arrive at an appropriate sentence in his case, given the fact that it demonstrates the federal judiciary generally imposes sentences far below guideline range for persons with the same, draconian guideline range of 360 months to life. Given the small sample size, it is likely that any downward skew associated with choosing a mean over the median reflects the likely fact that one of the defendants in the group of fifteen otherwise very similarly situated co-defendants had

unusually mitigating facts, as does Mr. Flores, who never had physical contact with either of the victims in this case.

   B. Related Cases

      i.      Rachel Crutcher

Mr. Flores would also direct the Court's attention to the thirty year sentence imposed on Rachel Crutcher for her related but far more serious, extensive, and damaging offense conduct. A thirty-year sentence, or anything close to it, cannot be an appropriate resolution of this case for Mr. Flores, for it would obliterate the distinction between someone like himself, who fantasized about sexual contact with a child and who did lewd things before that child but never actually had physical contact with it, and a mother who both physically sexually abused her own children, procured strange a strange man to do the same, and a stood by as her husband repeatedly penetrated that child and distributed video of her own children being sexually abused..

The difference in magnitude of the harm done to the victims is evident from the Presentence Report at paragraphs 40 and 41, the victim impact statement of Jane Doe 1 and the therapist, which focuses on the damage caused by Rachel and Joe Crutcher, and subsidiarily on that of Dominic Marks. Mr. Flores' sentence should reflect the vast degree of difference in the degree of harm his actions caused versus those of others.

      ii.     Dominic Marks

Similarly, Mr. Marks, who physically sexually abused Jane Doe 1, engaged in conduct that is significantly more severe than Mr. Flores.'

II.     18 U.S.C. 3553(a)(2)(C)

As indicated in the attached psychosexual evaluation, Mr. Flores is at a low risk of recidivism—5.1%-6.1% within five years of release, absent sex offender treatment. However, if placed at a facility at which he were able to receive sex offender treatment, Mr. Flores' risk of recidivism would be significantly lower. See Attachment, 14. Fortunately, Mr. Flores also seems to be primarily sexually interested in adult women, which comports with his actual sexual conduct during the instant offense. Id., 11. Accordingly, the minimum ten years sentence would seem to be sufficient to meet the goal of protecting the public from Mr. Flores committing similar crimes in the future.

Mr. Flores will in fact be able to receive sex offender treatment while in the Bureau of Prisons. In fact, it is likely that Mr. Flores will be assessed as suitable for the SOTP-NR, short for the non-residential sex offender treatment program, a 9-12 month program designed for persons like Mr. Flores, who have one contact offense, toward the end of his carceral sentence. Tucson USP offers the SOTP-NR.

CONCLUSION

For the foregoing reasons, Mr. Flores respectfully requests this court vary downwards to impose a ten-year prison sentence, and such other relief as is just in the premises.

Respectfully submitted,

/s/ *Gregory J. Garvey*

<u>Electronically filed January 6, 2024</u>

Gregory J. Garvey

Attorney for the defendant